UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LEECO ENERGY & INVESTMENTS, INC. | § § § | |
| Plaintiff | § | |
| VS. | § § | Civil Action No. 7:16-CV-00306 |
| LEXINGTON INSURANCE COMPANY, | § § § | |
| Defendants | § | |

## NOTICE OF REMOVAL BY DEFENDANT
## LEXINGTON INSURANCE COMPANY

Defendant Lexington Insurance Company ("Lexington"), by and through its undersigned counsel, files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the 238th District Court of Midland County, Texas under Cause No. CV52456; *Leeco Energy & Investments, Inc. v. Lexington Insurance Company* to the United States District Court for the Western District of Texas, Midland Division and, in support thereof, would respectfully show:

## BACKGROUND

1. This case involves property damage allegedly sustained as a result of a storm in Odessa, Texas, on June 12, 2015. On June 28, 2016, Plaintiff Leeco Energy & investments, Inc. ("Leeco") filed its Original Petition in the 238th District Court of Midland County, Texas. The petition sets forth claims against Lexington for breach of contract, common law bad faith, violations of the Texas Insurance Code (under both §§ 541 and 542) and Deceptive Trade Practices Act, and for declaratory judgment. The petition seeks actual, additional, and exemplary damages as well as attorney's fees, costs and interest. Lexington answered August 15, 2016.

**GROUNDS FOR REMOVAL**

2.   Federal Courts have diversity jurisdiction over matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332, 1441. In this matter, diversity of citizenship is established as Plaintiff Leeco is a citizen of Texas while Defendant Lexington is a citizen of both Delaware and Massachusetts. Additionally, the amount in controversy exceeds $75,000.00 as averred in Plaintiff's Original Petition.

**TIMELINESS OF REMOVAL**

3.   A Notice of Removal is filed timely if it is filed within thirty (30) days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b). According to the Return of Service filed below, Lexington first received notice of Plaintiff's lawsuit on July 20, 2016, when the petition and citation were personally served on the Texas Commissioner of Insurance, its agent. This Notice of Removal is being timely filed on August 18, 2016, within the thirty (30) day deadline to do so. 28 U.S.C. § 1446(b).

**DIVERSITY OF CITIZENSHIP**

4.   The parties hereto are completely diverse in citizenship. Leeco states in its Original Petition that it is a corporation organizing and existing under the laws of the State of Texas with its principal place of business in Ector County. *See Petition, Ex. A at ¶3.* For the purposes of determining diversity citizenship, Plaintiff Leeco is a citizen of Texas and no other state.

5.   Lexington is a Delaware corporation. Its principal place of business is in Boston, Massachusetts. Therefore, Lexington is a Delaware and Massachusetts citizen and shares no common citizenship with Metro. Accordingly, there is complete diversity between the parties.

## AMOUNT IN CONTROVERSY

6. The amount in controversy exceeds $75,000.00. In Plaintiff's Original Petition, Plaintiff seeks the sum of $806,539.84 as the benefits under the policy, in addition to other damages for unspecified amounts. Such claims exceed the jurisdictional requisites of 28 U.S.C. § 1332, 1441.

## ADDITIONAL REQUIREMENTS

7. Promptly after filing this Notice of Removal, Lexington shall cause a true and correct copy of the same to be filed with the Clerk of the 238th District Court of Midland County, Texas in accordance with 28 U.S.C. § 1446(d), as well as provide Plaintiff with a copy of the same. Further, Defendant is filing with this Notice of Removal the following:

   1) Civil Cover Sheet.

   2) Supplement to Civil Cover Sheet.

   3) Copy of all state court filings.

8. Plaintiff did not demand a jury in its State court action.

9. There are no other defendants to this action, and therefore, no consent is required.

## CONCLUSION

10. This Court has jurisdiction in this case as Lexington has shown by prima facie evidence that complete diversity exists among the parties and the amount in controversy for federal diversity jurisdiction is satisfied.

WHEREFORE, Lexington Insurance Company hereby gives notice that Cause Number CV52456 in the 238th Judicial District Court of Midland County, Texas has been removed to this Court.

Respectfully submitted,

/s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart
State Bar No.00789398
tjc@egglestonbriscoe.com
Ronald L. Hornback
State Bar No.00789398
rlh@egglestonbriscoe.com
**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
713/659-5100 - Telephone
713/951-9920 - Facsimile

ATTORNEYS FOR LEXINGTON INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice of Removal was served on the following counsel by certified mail, return receipt requested on the 19th day of August 2016, as follows:

Stewart McKeehan
Attorney at Law, P.C.
617 E. 7th St.
Odessa, Texas 79761
(432) 332-3161 – Fax
stewart@smlawpc.com

/s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart

4